```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X
```

SABRINA KNIGHT,

|  |  |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | |
| THE CITY OF NEW YORK; SGT. DAVID PORTER, SHIELD # 492; P.O. GUERLINE DESIRJEAN, Tax ID # 942773; and P.O. JOHN/JANE DOES # 1-2; the individual defendant(s) sued individually and in their official capacities, | 14-cv-00788-SLT-MDG ECF Case Jury Trial Demanded |
| Defendants. | |

```
------------------------------------------ X
```

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about January 30, 2013.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; assault and battery; unreasonable force; failure to intervene; retaliation; and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident.  Plaintiff has satisfied all conditions precedent for the filing of this action.

4.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Queens County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.   Plaintiff Sabrina Knight is African American, and a resident of the State of New York, Kings County.

6.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendants Sergeant David Porter, Shield # 492, P.O. Guerline Desirjean and P.O. John/Jane Does # 1-2 were New York City Police Officers employed with the 108th Precinct, located in Queens County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

9.   On January 30, 2013, at and in the vicinity of the Veterans Residence, 21-10 Borden Avenue, Long Island City, New York 11101, police officers operating from the 108th Precinct, including upon information and belief, defendants Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2, at times

acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

      10.   On January 30, 2013, at the Veterans Residence, 21-10 Borden Avenue, Long Island City, New York 11101, defendants Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2, without probable cause or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

      11.   Plaintiff had come to work at the Veterans Residence that morning.

      12.   Plaintiff was employed at the Veterans Residence as the Human Services Director of Operations.

      13.   When plaintiff arrived at work, she was informed that a resident veteran had attacked a member of the staff and that staff believed the veteran was a danger to himself and others.

      14.   Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2 were at the Veterans Residence when plaintiff arrived.

      15.   Plaintiff had not called the police.

      16.   Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2 were presented with evidence that the veteran had assaulted staff, was a danger to himself and others, and emotionally disturbed.

17. But the police ignored the staff's complaint and request to take the veteran to a local hospital for evaluation and treatment.

18. Plaintiff was told by one of the police officers to talk to Sgt. Porter.

19. At that time, Sgt. Porter was outside in a patrol car.

20. Plaintiff went to Sgt. Porter and spoke with him.

21. During their conversation, plaintiff tried to explain that the Veterans Residence houses over two hundred veterans.

22. Plaintiff tried to explain that many of their veterans have emotional and mental health issues.

23. Plaintiff tried to explain that hospital evaluations are sometimes necessary to provide evaluations and treatment to veterans who are presenting as emotional disturbed or dangerous, and that police intervention is sometimes necessary to safely secure and transport these veterans to the hospital.

24. Sgt. Porter did not seem to care and told her in sum and substance: *You knew what you got into when you decided to work here*, and *I have other work to do*.

25. The police left the Veterans Residence, but Sgt. Porter warned plaintiff in sum and substance: *I don't want to come back here again.*

26. Back at the Veterans Residence, plaintiff spoke with the veteran and asked staff to further evaluate him.

27. Plaintiff then went about her duties.

28. After the evaluation, staff again called the police to have the veteran taken to the hospital for evaluation because he still presented as being dangerous and emotionally disturbed.

29. Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2 returned to the Veteran's Residence.

30. Plaintiff was working when she encountered Sgt. Porter, P.O. Desirjean and P.O. John/Jane Does # 1-2.

31. Sgt. Porter called out at plaintiff in sum and substance: *Why am I here!* and shouted to P.O. Desirjean and P.O. John/Jane Does # 1-2: *Arrest her!*

32. These officers should have refused the order because it was clear that plaintiff had not committed any crime.

33. But P.O. Desirjean and P.O. John/Jane Does # 1-2 did not refuse to obey Sgt. Porter's unlawful order, and they manhandled plaintiff and placed her in handcuffs in front of her colleagues.

34. Once arrested, the police chastised plaintiff.

35. The police told plaintiff in sum and substance: *You should not have called*, and *Why didn't you just leave it alone*?

36. Plaintiff had not called the police, but again tried to explain that if a call was made then their help was needed.

37. Plaintiff's explanation fell on deaf ears and the police said in sum and substance: *You shouldn't have even bothered.*

38. The police searched plaintiff and took her personal items from her.

39. The police took plaintiff to their patrol car and placed her inside it.

40. Along the way to the patrol car, the police continued to chastise plaintiff, saying: *You shouldn't have made the call.*

41. Inside the Veteran's Residence, staff was explaining to the police that plaintiff had done nothing wrong, that she should not have been arrested, and that they needed police assistance regarding the veteran.

42. At first, the police stubbornly refused to listen to reason, and only grudging acknowledged that they had acted improperly.

43. First, the police brought plaintiff back inside the Veterans Residence but still kept her in handcuffs.

44. Then the police removed the handcuffs from plaintiff, and but warned her not to move.

45. Finally, the police relented because they knew they had acted improperly, released plaintiff from their custody and took the veteran to the hospital for evaluation and treatment.

46. Plaintiff was shocked, humiliated and embarrassed by the experience.

**General Allegations**

47. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

48. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

49. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively

reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

50. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

51. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

9

54. Defendants unlawfully stopped and searched plaintiff without cause or consent.

55. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Defendants unlawfully stopped and searched plaintiff without cause or consent.

58. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

60. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

61. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### **FOURTH CLAIM**

### **(FALSE ARREST UNDER STATE LAW)**

62. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

64. Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### **FIFTH CLAIM**

### **(UNREASONABLE FORCE)**

65. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66. The individual defendants' use of force upon plaintiff was objectively unreasonable.

67. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

68. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

69. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant

11

to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

70. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

72. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

73. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

75. Accordingly, defendants are liable to plaintiff under New York State law for battery.

12

**EIGHTH CLAIM**

**(FAILURE TO INTERVENE)**

76. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

78. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

**NINTH CLAIM**

**(RETALIATION)**

79. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80. Plaintiff exercised free speech during the incident.

81. Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to falsely arrest plaintiff.

82. Accordingly, the individual defendants are liable to plaintiff under the First Amendment to the United States Constitution.

## **TENTH CLAIM**

### **(RESPONDEAT SUPERIOR)**

83. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

85. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
              September 29, 2014

                              MICHAEL O. HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              16 Court Street, suite 3301
                              Brooklyn, New York 11241
                              (718)246-2900
                              mhueston@nyc.rr.com
                              By:

                              ____s/_____
                              MICHAEL O. HUESTON